# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

     John Riley O'Steen and
     Ashley Koon O'Steen,

          Debtors,

BK Case No. 3:14-bk-4766-PMG

_____

JOHN RILEY O'STEEN and
ASHLEY KOON O'STEEN,

          Appellants,

v.

Case No. 3:18-cv-369-J-32

LAFAYETTE STATE BANK,

          Appellee.

_____

# O R D E R

Under Florida's reciprocal attorney's fee statute, Fla. St. § 57.105(7), is an award of attorney's fees to the prevailing party mandatory or discretionary? This bankruptcy appeal is before the Court on the O'Steen debtors' appeal of the Bankruptcy Court's Order denying the O'Steens' amended motion for attorney's fees and costs following the entry of judgment in their favor in an adversary proceeding brought by appellee, Lafayette State Bank ("the Bank"). The parties filed briefs and numerous record excerpts and state they do not wish

to mediate.  <u>See</u> Docs. 3, 4, 5, 10, 11, 12.[1]  The Court held oral argument on October 15, 2019, the record of which is incorporated by reference.

## I.    Standard of Review

The Court is sitting in an appellate capacity and reviews the Bankruptcy Court's legal conclusions <u>de</u> <u>novo</u> and its factual findings for clear error.   <u>In re Hood</u>, 727 F.3d 1360, 1363 (11th Cir. 2013) (citation omitted).

## II.   Background[2]

The O'Steens were dairy farmers in Lafayette County, Florida, who filed a Chapter 12 bankruptcy petition in 2014.   The Bank was a long-time creditor of the O'Steens.   The Bank's $3.6 million claim was secured by the O'Steen's real property, equipment, and livestock, valued at $1,996,451.00, with the remaining debt unsecured.   At the Bank's urging, the Court converted the O'Steens' Chapter 12 case to a Chapter 11 and later to a Chapter 7, from which the O'Steens sought a discharge.[3]

---

[1] Because the record excerpts (which are in many parts and subparts) do not include docket numbers on their face, this Order refers to the bankruptcy record using this Court's CM/ECF docket and attachment number, listing the PageID number printed in the header of each page where necessary or helpful.

[2] Unless otherwise cited, these facts are drawn from the Bankruptcy Court's Findings of Fact, Conclusions of Law and Memorandum Opinion ("Memorandum Opinion") (Doc. 4-165), and its Order on Amended Motion to Award Attorney's Fees and Costs Pursuant to Contract Terms ("Attorney's Fee Order" or "Order") (Doc. 4-2).

[3] <u>See</u> Docs. 11-3, 11-8.

In December 2015, the Bank filed an adversary proceeding objecting to the O'Steens' Chapter 7 discharge and seeking to determine the dischargeability of the O'Steens' debt to the Bank. The parties litigated for over two years, culminating in a two-day trial in which the Bank sought to demonstrate that the O'Steens had transferred or concealed cattle and other property during their bankruptcy case, they had manipulated the claims in the case, and they had not provided required financial information.

In its nineteen page Memorandum Opinion, the Bankruptcy Court weighed the evidence as to each claim, and, noting that the "denial of a debtor's discharge is an extraordinary remedy," with exceptions "construed in favor of the debtor and against the objecting party," found the Bank failed to demonstrate by a preponderance of the evidence the elements of any of their claims, all of which required proof of willful, fraudulent, intentional, or malicious conduct. Doc. 4-165 at 2. The Bankruptcy Court entered Final Judgment in favor of the O'Steens and against the Bank on the Bank's adversary complaint, and directed the entry of the O'Steens' discharge in their Chapter 7 case.

Thereafter, the O'Steens timely moved to recover $38,800.00 in attorney's fees and $6,230.14 in costs pursuant to the parties' contractual attorney's fees

provisions and Florida law, and the bankruptcy costs rule.[4]   The Bankruptcy

Court conducted a hearing and denied the motion, finding "it 'would be unjust'

to require the Bank to pay the [O'Steens'] attorneys' fees and costs."   Doc. 4-2

at 6 (citation omitted).

The O'Steens take this timely appeal, arguing that because the parties'

contract included an attorney's fee provision by which the Bank could recover

its fees from the O'Steens,[5] Florida's reciprocal attorney's fee statute, Fla. St. §

57.105(7), mandates that they recover their fees as the prevailing party, and

the Bankruptcy Court erred as a matter of law by holding otherwise.   The

---

[4] The O'Steens had included a request for attorney's fees and costs in their Answer to the Bank's Adversary Complaint.   See Stockman v. Downs, 573 So. 2d 835, 837 (Fla. 1991) (holding that, with limited exception, "a claim for attorney's fees, whether based on statute or contract, must be pled").

[5] The attorney's fee provision is included in the Promissory Notes which memorialized the Bank's loans to the O'Steens.   The June 18, 2014 Note attached to the O'Steens' amended motion for fees (which the O'Steens state, without challenge, is representative of the other Notes) states:

> ATTORNEYS' FEES; EXPENSES:   Lender may hire or pay someone else to help collect this Note if Borrower does not pay.   Borrower will pay Lender the amount of these costs and expenses, which includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction) and appeals, if not prohibited by applicable law.   Borrower also will pay any court costs, in addition to all other sums provided by law.

Doc. 4-172, at 16 (CM/ECF Page ID 2257).

O'Steens alternatively argue that if fees are not mandated under the reciprocal attorney's fee statute, the Bankruptcy Court abused its discretion in declining to award them their fees.[6]

## III.  Analysis

Under the "bedrock principle known as the 'American rule,'" "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise."  Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 253 (2010) (citations omitted).  Although this is an appeal of a federal bankruptcy case, the underlying source of the possible fee is a contract (the promissory note) which states on its face that it is governed by federal laws applicable to the lender (the Bank) and, to the extent not pre-empted by federal law, by Florida law.  See Doc. 4-172 at 16 (CM/ECF PageID 2257).  The parties agree that Florida law governs the fee issue arising out of this contract.

The contract language provides that the Bank may recover its fees for bankruptcy proceedings if it prevails.  However, Florida has a reciprocal attorney's fee statute, Florida Statute § 57.105(7), which "aims to even the playing field" by "engraft[ing] a reciprocity condition onto contractual attorneys'

---

[6] The O'Steens do not raise any arguments as to why the costs ruling under Rule 7054(b)(1) of the Federal Rules of Bankruptcy Procedure should be reversed and they have therefore waived that issue.  See, e.g., Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (noting "well settled" principle that "a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed").

fees provisions" such that either side may benefit from a contract's otherwise one-sided attorney's fee provision. <u>Pier 1 Cruise Experts v. Revelex Corp.</u>, 929 F.3d 1334, 1344 (11th Cir. 2019) (quoting <u>Fla. Hurricane Prot. & Awning, Inc. v. Pastina</u>, 43 So. 3d 893, 895 (Fla. 4th DCA 2010)). In relevant part, Florida Statute § 57.105(7) provides—

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court <u>may</u> also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

Fla. St. § 57.105(7) (emphasis added).

Thus, if the contract between a creditor and debtor provides for attorney's fees for the creditor in bankruptcy proceedings, a prevailing debtor in that action may likewise seek fees under Florida's reciprocal attorney's fee statute. <u>In re Martinez</u>, 416 F.3d 1286, 1288 (11th Cir. 2005) (holding that Florida's reciprocal attorney's fee statute applies to prevailing debtors in bankruptcy discharge actions).

Focusing on the statute's use of the word "may," the Bankruptcy Court (and the Bank) read this statute as permitting—but not requiring—the court to award fees to a prevailing debtor. Thus, the Bankruptcy Court, exercising its discretion, considered the record and determined a fee award was not warranted. The O'Steens argue the fee award is mandatory.

In Florida, "[i]t is a fundamental principle of statutory interpretation that legislative intent is the 'polestar' that guides this Court's interpretation." Borden v. East-European Ins. Co., 921 So. 2d 587, 595 (Fla. 2006) (citation omitted). Where the statutory language is "clear and unambiguous," the court need look no further to glean legislative intent. Id. (citation omitted). While an initial reading of the statute seemingly supports the Bank's position, Florida courts interpreting the meaning of this statute have nearly universally determined that this statute accords courts no discretion—a prevailing party must be awarded its attorney's fees if the parties' contract contained a fee provision. In Landry v. Countrywide Home Loans, Inc., 731 So. 2d 137, 140 (Fla. 1st DCA 1999), the court explained the meaning of the statute as follows:

> We recognize that section 57.105(2)[7] uses the permissive "may" with regard to the trial court's ability to award a prevailing party attorney's fee. However, we believe the discretion granted by use of "may" pertains to the determination of a prevailing party in an action founded on a contract. Once the prevailing party determination has been made, we believe section 57.105(2) "now mandates that contractual attorney's fees provisions be reciprocal obligations."

Landry, 731 So. 2d at 140 (citations omitted). See also Holiday Square Owners Ass'n, Inc. v. Tsetsenis, 820 So. 2d 450, 453 (Fla. 5th DCA 2002) (citing Landry as authority for the proposition that under Florida's reciprocal attorney's fee

_____

[7] Earlier decisions such as Landry referenced § 57.105(2), which was renumbered and became § 57.105(7) without further change.

statute, "[t]he award is mandatory, once the lower court determines a party has prevailed"). But the placement of the word "may" in the statute's sentence seems to belie <u>Landry</u>'s analysis—the sentence says "if" the contract provides fees to one side, the court "may" award a fee to the other party, "when" that other party prevails. Thus, the prevailing party determination is a precondition to the court's exercise of discretion to award a fee to the other side.

However, other courts facing the same argument the Bank makes here have followed <u>Landry</u>. <u>See</u> <u>Peter M. Blauzvern DDS, PC v. Brican Am., Inc.</u>, No. 10-20782-CIV-SEITZ, 2017 WL 8894626, at *4 (S.D. Fla. May 9, 2017) (rejecting defendant's argument that use of "may" in § 57.105(7) accorded court discretion, stating that "Florida courts have held that, although the statute uses the term 'may,' an award of fees is mandatory once a court determines that a party has prevailed") (citing <u>Landry</u>, 731 So. 2d at 140, and <u>Holiday Square</u>, 820 So. 2d at 453); <u>In re Full Gospel Assembly of Delray Beach</u>, 371 B.R. 559, 562-63 (S.D. Fla. 2007) (granting reconsideration where court determined it had "incorrectly applied the law" by believing that § 57.105(7)'s use of "may" accorded it discretion to decline to enforce reciprocal fee provision) (citing, <u>inter alia</u>, <u>Landry</u>, 731 So. 2d at 140).

Numerous other courts, including the Eleventh Circuit, have pronounced that the rule is "mandatory," even though the discretionary nature of the fees was not the specific issue before them. <u>See, e.g.</u>, <u>Sequoia Fin. Sols., Inc. v.</u>

Warren, 660 F. App'x 725, 728 (11th Cir. 2016) (reciting the language of the Florida statute and stating "[t]he award of attorneys' fees under § 57.105(7) is mandatory for the prevailing party") (citing Holiday Square, 820 So. 2d at 453); Rabco Corp. v. Steele Plaza, LLC, No. 6:16-cv-1858-Orl-40KRS, 2018 WL 7982921, at *3 (M.D. Fla. Aug. 9, 2018) ("Once a court determines that a party has 'prevailed' under § 57.105(7), an award of fees is mandatory.") (citing Holiday Square, 820 So. 2d at 453); Mihalyi v. LaSalle Bank, N.A., 162 So. 3d 113, 115 (Fla. 4th DCA 2014) ("Assuming the request for attorney's fees is properly pled, 'the award is mandatory, once the lower court determines that a party has prevailed'") (citing Holiday Square, 820 So. 2d at 453).

Still other courts find the prevailing party "is entitled" to its fees if the contract provision is triggered. See, e.g., In re Mowji, 228 B.R. 321, 323 (M.D. Fla. 1999) (holding debtor was "entitled" to attorney's fees under Florida's reciprocal fee statute because parties' contract included provision for fees and judgment had been entered in debtor's favor in the adversary proceeding); Venezia v. JP Morgan Mortg. Acquisition Corp., 279 So. 3d 145, 146 (Fla. 4th DCA 2019) (reversing and remanding for grant of attorney's fees, stating that "[t]he entitlement to fees under section 57.105(7) applies when the party seeking fees prevails and is a party to the contract containing the fee provision"); CalAtlantic Grp., Inc. v. Dau, 268 So. 3d 265, 269 (Fla. 5th DCA 2019) (remanding with instructions to award attorney's fees where plaintiff was

"entitled" to its fees under § 57.105(7) because it prevailed on a claim that was within the scope of the parties' contract); <u>Floyd v. Bank of Am., N.A.</u>, 262 So. 3d 270, 270 (Fla. 5th DCA 2019) (remanding for an award of attorney's fees where appellant was "entitled" to her fees under § 57.105(7) because she prevailed below); <u>Ajax Paving Indus., Inc. v. Hardaway Co.</u>, 824 So. 2d 1026, 1028-29 (Fla. 2d DCA 2002) (reversing and remanding for an award of attorney's fees where plaintiff was "entitled" to fees because it prevailed and the parties' contract reciprocally applied to the plaintiff) (citing, <u>inter alia</u>, <u>Landry</u>, 731 So. 2d at 139-40, and <u>Holiday Square</u>, 820 So. 2d at 453-54); <u>Oakwood Plaza, L.P. v. D.O.C. Optics Corp.</u>, 708 So. 2d 959, 960 (Fla. 4th DCA 1998) (remanding for further findings and holding it would be "a departure from the essential requirements of law" to deny attorney's fees to the petitioner, who would be "entitled" to its fees if it was the prevailing party because the parties' lease included an attorney's fee provision), <u>rev. denied</u>, 725 So. 2d 1107 (Fla. 1998),[8] <u>abrogated on other grounds by</u> <u>Caufield v. Cantele</u>, 837 So. 2d 371 (Fla. 2002). <u>See also</u> <u>Martinez v. TRG Oasis (Tower Two) Ltd., LP</u>, No. 2:08-cv-611-FtM-29SPC, 2009 WL 774094, at *1 (Mar. 19, 2009) (finding defendants were

---

[8] The Court rejects the O'Steens' contention (<u>see</u> Reply, Doc. 12, at 1) that the Florida Supreme Court's denial of review in <u>Oakwood</u> equates to a determination that the Florida Supreme Court has adopted the view that fees are mandatory. <u>See, e.g.</u>, <u>Watson v. Dugger</u>, 945 F. 2d 367, 369-70 (11th Cir. 1991) (explaining that the denial of review by the Florida Supreme Court is "not necessarily a decision on the merits").

"eligible" for an award of attorney's fee because plaintiff did not dispute the agreement and defendants were the prevailing party, but documentation was insufficient to award any fee) (citing <u>Landry</u>, 731 So. 2d at 139-40).

Moreover, while not directly addressing whether the court has discretion, the Eleventh Circuit's <u>Martinez</u> opinion includes language which makes it highly doubtful, stating that "Florida law . . . <u>guarantees</u> that contractual provisions for attorney's fees cannot be one-sided" and holding that "a prevailing debtor in a dischargeability action brought by his creditor <u>can recover his attorney's fees</u>" under Florida's reciprocal attorney's fee statute. 416 F.3d at 1288 (emphasis added).

The two bankruptcy court decisions upon which the Bankruptcy Court here relied looked only at the statutory language and did not address any of the contrary Florida decisions.  See <u>In re Estrada</u>, No. 6:03-bk-9952-KSJ, 2004 WL 3202201, at *2 (M.D. Fla. Dec. 10, 2004) ("Section 57.105(2) is clearly discretionary providing that the court 'may' allow attorney fees to the prevailing party in a contractual dispute."); <u>In re Bower</u>, No. 08-8212-PMG, 2010 WL 3959614, at *7 (M.D. Fla. Sept. 30, 2010) (quoting <u>Estrada</u> regarding meaning of statute's use of "may," and stating that "[t]he provisions of § 57.105(2) leave the determination as to whether to award attorney's fees to the court's discretion").

While snippets from a few other cases can be read to agree with that interpretation, those decisions either fail to account for the contrary Florida authorities, or the issue before them was not the same.  See, e.g., Dorvil v. Nationstar Mortg. LLC, No. 17-23193-CIV-MARTINEZ, 2019 WL 1992932, at *20-21 (S.D. Fla. Mar. 26, 2019) (explaining that § 57.105(7) "allows this court to impose the attorneys' fee provision reciprocally, which it chooses to do here," in a case where the court rejected defendant's argument that the action was outside the contract) (emphasis supplied); Rochlin v. Cunningham, 739 So. 2d 1215, 1218 (Fla. 4th DCA 1999) (stating "Section 57.105(2) gives the trial court discretion to award attorney's fees to the prevailing party . . . . " in a case where the appellate court further held the "trial court properly awarded" attorney's fees to prevailing party pursuant to the parties' contract) (emphasis in original).

The Bank also points to various rules of statutory construction, noting that the dictionary definition shows "may" is permissive; that elsewhere in the same statute, the legislature uses the mandatory word, "shall;" that the legislature did not change "may" to "shall" when making other amendments to the same statute; that statutes awarding attorney's fees are to be strictly construed because they are in derogation of the common law rule; and that in the context of other Chapter 57 fee award statutes, the word "may" is deemed to afford discretion.  See Appellee's Brief (Doc. 10) at 11-14 (citing, inter alia, Black's Law Dictionary, 1379 (7th ed. 1999) (definition of "may"); Borden v.

East-European Ins. Co., 921 So. 2d 587, 595 (Fla. 2006) ("[A]ll parts of a statute must be read together in order to achieve a consistent whole.") (citation omitted); Willis Shaw Exp., Inc. v. Hilyer Sod, Inc., 849 So. 2d 276, 278 (Fla. 2003) (holding language of statute must be strictly construed where it is in derogation of common law rule that each party pays its own fees); In re Vulpetti, 182 B.R. 923, 926 (Bankr. S.D. Fla. 1995) (holding fee award under § 57.115 (which provides that "court may award" fees in connection with execution on a judgment), "clearly is discretionary"). These are good points. But they fail to account for the Landry decision and its formidable progeny. While the Bank contends that Landry is not incompatible with its position (arguing that its reference to discretion in finding a prevailing party does not take away from the discretion to award a fee), no case supports that argument and it cannot be reconciled with the nearly universal interpretation embraced by the numerous cases cited above.

If the Court were writing on a clean slate, the result here could conceivably be different. But this is a matter of Florida law and where, as here, the Florida Supreme Court has not spoken, the Court must follow the decisions of Florida's intermediate courts, unless there is some "persuasive indication" that the state's highest court would hold otherwise. Allstate Life Ins. v. Miller, 424 F. 3d 1113, 1116 (11th Cir. 2005). The two bankruptcy decisions and rules of statutory construction relied on by the Bank are not "persuasive" enough to

overcome the weight of authority of Florida's intermediate courts, which has also been followed by other federal decisions. This Court will likewise follow.

The Bankruptcy Court therefore erred in finding the award of attorney's fees was discretionary under Florida Statute 57.105(7), and that decision is reversed. If the O'Steens were the prevailing party, and if the parties' contracts (only one of which was cited to this Court) would have resulted in an award of fees to the Bank had it prevailed,[9] the O'Steens must be awarded their reasonable attorney's fees under Florida Statute 57.105(7). This case is remanded so the Bankruptcy Court can reach those decisions in the first instance. The Bankruptcy Court's order denying costs under Bankruptcy Rule 7054(b)(1) is affirmed.

Accordingly, it is hereby

**ORDERED:**

The Bankruptcy Court's March 8, 2018 Order on Amended Motion to Award Attorney's Fees and Costs Pursuant to Contract Terms, which denied the debtors' motion, is **REVERSED AND REMANDED** as to the denial of

---

[9] The Court presumes those requirements were satisfied for purposes of this appeal, but the Bankruptcy Court's Attorney's Fee Order was not explicit. The Court notes that the Bank's counsel agreed at oral argument that the O'Steens were the prevailing party and further agreed that had the Bank prevailed, the parties' contract would have resulted in a fee award to the Bank.

attorney's fees and is **AFFIRMED** as to the denial of costs. The Clerk is directed to close the file.

     **DONE AND ORDERED** in Jacksonville, Florida this 14th day of November, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record

Bankruptcy Clerk of Court